**UNITED STATES of America, Plaintiff,**

v.

**Luis TRILLO–CERDA, Defendant.**

**No. 01CR3036.**

United States District Court, S.D. California.

Dec. 4, 2002.

See also 2002 WL 31995308.

---

Denise Willett, United States Attorney's Office, San Diego, CA, for U.S.

Kasha Pollreisz, Federal Defenders of San Diego, CA, for Defendant.

### ORDER RE: DEFENDANT'S RETURN TO USMC– SPRINGFIELD

RHOADES, District Judge.

The court previously found defendant Luis Trillo–Cerda ("defendant") to be incompetent to stand trial and therefore committed defendant to the custody of the Attorney General in accordance with 18 U.S.C. § 4241(d), which provides that, if a defendant is determined to be incompetent, the court shall commit the defendant to the custody of the Attorney General for a reasonable period of time, not to exceed four months, in order to determine whether "there is a substantial probability that in the foreseeable future the defendant will attain the capacity to permit the trial to proceed." 18 U.S.C. § 4241(d)(1). Defendant was placed at the U.S. Medical Center for Federal Prisoners ("USMC–Springfield") in Springfield, Missouri.

At the end of the four month period, the government filed a motion to allow defendant's continued hospitalization pursuant to 18 U.S.C. § 4241(d)(2), which provides that the defendant may be hospitalized for an additional reasonable period of time until "his mental condition is so improved that the trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the trial to proceed." In an order filed July 31, 2002, the court extended defendant's period of custody until November 27, 2002. At that time, the court permitted USMC–Springfield to forcibly medicate defendant.

In a letter to the court dated September 19, 2002, the court was informed that it was the belief of the USMC–Springfield clinical staff that defendant was competent to stand trial. The court held a hearing on September 30, 2002 pursuant to 18 U.S.C. § 4241(e) to determine defendant's competence. At the hearing, the parties stipulated to defendant's incompetence despite the certificate of competency filed by USMC–Springfield. The court agreed with the parties that unless defendant is forcibly medicated, he is incompetent to stand trial. The court also informed the parties that it will not order defendant's continued forcible medication. Thus, the court determined that defendant is incompetent to stand trial.

The final sentence of 18 U.S.C. § 4241(d) provides that if "at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit the trial to proceed, the defendant is subject to the provisions of section 4246." 18 U.S.C. § 4241(d). 18 U.S.C. § 4246 sets forth a detailed procedure for handling federal pretrial detainees who are determined to be both incompetent to stand trial and a danger to other persons or property if released. After determining that defendant is not and will not be competent to stand trial in the near future, the court ordered the parties to brief the issue of the applicability of §§ 4241(d) and 4246. After a hearing on this issue, the court issued an order filed November 25, 2002 that sets forth in detail the reasons behind the court's conclusion that these provisions are applicable here. The court then ordered USMC–Springfield to apprise the court regarding defendant's dangerousness. The court has been informed by means of a facsimile dated December 3, 2002 that it is the opinion of Dr. Frederick, defendant's treating clinician at USMC–Springfield, that "as the result of a severe mental disorder, the release of Mr. Trillo would create a substantial risk of bodily injury to another person or serious property damage to property of another."

The court concludes that no further hearings are statutorily required at this juncture.

Accordingly,

**IT IS HEREBY ORDERED** that defendant, who was previously committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4241(d), be returned to the physical custody of USMC–Springfield for further evaluations and, if appropriate, proceedings under 18 U.S.C. § 4246.

**IT IS FURTHER ORDERED** that the execution of this order shall be stayed for 10 days.